[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

No. 10-14512
Non-Argument Calendar

_____

Agency No. A095-098-977


RUBEN ESAU ROMERO-CALDERON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 1, 2011)


Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ruben Esau Romero-Calderon, a native and citizen of Honduras, petitions this Court for review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for withholding of removal.[1] In 2005, Romeo-Calderon had been living in the United States for nearly a decade, but his brother was the leader of a farmers' rights organization in Honduras and was allegedly killed that year for supporting farmers in a land dispute. Believing that a man named Natividad Hernandez had murdered his brother, Romero-Calderon placed a telephone call from the United States to a radio station in Honduras identifying and denouncing Hernandez as the murderer. Romero-Calderon testified that acquaintances in Honduras informed him that Hernandez had threatened to kill him as a result. Romero-Calderon filed the instant application, asserting that he feared persecution by Hernandez and his associates if he were to return to Honduras.

In denying Romero-Calderon's application, the BIA found, inter alia, that Romero-Calderon failed to demonstrate the requisite nexus between his fear of persecution and a statutorily protected ground. See Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304 (11th Cir. 2009). Substantial evidence supports that finding.

---

[1] Romero-Calderon has abandoned on appeal his claim for relief under the Convention Against Torture. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

<u>See</u> <u>id.</u>  Indeed, the essence of Romero-Calderon's application is that Hernandez and his associates would kill him for exposing and denouncing Hernandez as his brother's murderer.  Such personal retribution, however, is not a statutorily protected ground.  <u>See</u> <u>Sanchez v. U.S. Att'y Gen.</u>, 392 F.3d 434, 438 (11th Cir. 2004).  Moreover, even assuming that Romero-Calderon was affiliated with his brother's farmers' rights organization (which could arguably constitute a protected ground), the record does not compel the conclusion that Hernandez or his associates sought to harm him on account of such affiliation.  Accordingly, we deny Romero-Calderon's petition.

**PETITION DENIED.**